[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE #106
The defendant's motion to strike is granted as to all three counts of the plaintiff's revised complaint. In the first count, the plaintiff fails to allege facts sufficient to support her legal conclusion that she was an intended CT Page 2277 third party beneficiary (of the deposit account contract between Harry Martin, Robert Martin and the defendant bank). In the second count, the plaintiff fails to allege facts sufficient to support her legal conclusion that the defendant's actions constituted conversion and violated General Statutes (Rev. to 1993) 42a-3-420 or its predecessor, General Statutes (Rev. to 1991) 42a-3-419. Specifically, the plaintiff fails to allege facts sufficient to show that she had any proprietary right to the funds contained in the account, or facts sufficient to show that the defendant bank "converted" an "instrument" under General Statutes (Rev. to 1993) 42a-3-420 or General Statutes (Rev. to 1991) 42a-3-419. In the third count, the plaintiff fails to allege facts sufficient to support her legal conclusion that the defendant's actions alleged in the first two counts constituted a violation of the Connecticut Unfair Trade Practices Act, General Statutes 42-110a et seq. (CUTPA), in that she fails to allege facts which would show that the defendant committed any unfair or deceptive act or practice or that the plaintiff suffered any ascertainable loss as a result of the defendant's actions.
Philip R. Dunn, J.